George L. Klein, Appellee, v. Henry Rees et al., Appellants.

Gen. No. 9,045.

2

Opinion filed October 15, 1937.

INGHRAM & INGHRAM, of Quincy and WHITE & HAWX-HURST, of Chicago, for appellants; JOHN T. INGHRAM, JR., of Quincy and HOMER C. DAWSON, of Chicago, of counsel.

CHARLES L. BARTLETT, of Quincy, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This was an action at law brought by the appellee against the appellants to recover amounts due under a written guaranty covering certain defaulted bonds formerly owned by appellants. The case was decided on the pleadings the substance of which are herewith stated.

Appellee's second amended complaint alleged that on February 2, 1928, the appellants owned three cer-

tain bonds issued by Weller Creek Drainage District and by the Village of Mt. Prospect of Cook county, Illinois; that on said date the appellants executed and delivered to the Quincy Ricker National Bank & Trust Company, a written instrument called a guaranty, addressed to the bank, stating in substance that appellants were the owners of the aforesaid bonds, among others; that they were desirous of selling said bonds to the bank and in consideration of the bank's purchasing from the appellants and paying therefor the appellants would save and keep the bank harmless from any loss, expense and attorneys fees that the bank, its successors and assigns, might be obligated to pay by reason of the bank purchasing said bonds, or either of them, or of the bank's successors and assigns purchasing from the appellants, or in any other lawful manner becoming the owner of said bonds. The appellants did further guarantee to the bank and its successors and assigns the payment of each of said bonds, together with interest thereon and all costs, expenses and attorney's fees that might accrue, or be, or become payable, or incurred in connection with the ownership thereof, and that a sale by the bank of said bonds without recourse would not affect the liability under the guaranty; also, that all demands, notices and extensions of payment were waived.

It was further alleged in the complaint that the bank accepted said guaranty; that on or about February 2, 1928, the bonds were assigned and delivered to the bank pursuant to the terms of said guaranty; that thereafter the appellee, relying upon said guaranty, purchased from, and paid, the bank for said three bonds, the said bank then being the owner of said bonds.

The complaint also alleged that after the execution of said guaranty and relying thereon appellee bought said three bonds from the bank acting as the agent of appellants, the appellants then being the owners of

said bonds and the bank then being the agent of appellants in selling and receiving payment for said bonds; that the bank with the permission and knowledge of appellants used said guaranty as an inducement to appellee to purchase said bonds; that the bank with the permission and knowledge of appellants represented that the bonds were guaranteed by appellants, and that relying thereon appellee bought said bonds and paid therefor to the bank a valuable consideration which, less deductions, was paid by the bank to and knowingly accepted by appellants; that appellants received valuable consideration from the appellee for said bonds; that appellee now owns said bonds, all of which are in default, and appellee demands from appellants the principal and interest thereon, plus costs, expenses and attorney's fees.

It is claimed by appellee that his complaint is based upon three separate theories: First, that the bonds enumerated in the guaranty were sold to the bank, and payment thereof guaranteed by appellants, and subsequently sold by the bank to appellee to whom the guaranty, under its terms, would inure. Second, that the bank was acting as agent for appellants for the sale of the bonds and sold them to appellee as bonds guaranteed as to payment by appellants with their knowledge and authority. Third, that appellee purchased the bonds from the bank under circumstances which in substance rendered appellants liable on the ground of estoppel.

After a motion by appellants to dismiss said second amended complaint had been denied, the appellants filed an answer, which in brief denied that they executed and delivered to the bank any instrument in writing guaranteeing said bonds; denied that the instrument declared upon is a contract of guaranty, but on the contrary constituted only an offer or proposal to sell the bonds to the bank and to guarantee them on

the express condition that the offer would be accepted and that the bank would purchase the bonds; alleged that the offer or alleged guaranty was never accepted and that the bank never purchased the bonds, and denied that the conditional guaranty ever became effective and averred that the alleged consideration was never paid and wholly failed; denied that the bonds were ever assigned and delivered to the bank pursuant to the terms of the alleged guaranty; denied that the appellee confided in, and relied upon, the alleged guaranty in the purchase of said bonds; denied that the bank was, or ever had been, the owner of said bonds or any of them; denied that the bank used the alleged guaranty as an inducement for appellee to purchase any of said bonds, with the permission and knowledge of the appellants; and denied that the bank, with the permission and knowledge of appellants, represented to the appellee that the payment of said bonds was guaranteed by appellants; denied that the appellee relied upon said alleged guaranty or any alleged representations of the bank; and denied that the appellants were induced by any such alleged representations to purchase said bonds; and then the answer averred that the bank refused and declined to accept the proposed guaranty and refused to purchase the bonds or any of them; and that thereafter an oral agreement was entered into under which the bank undertook to sell the bonds as agent for the appellants at a certain price with a commission to the bank for its services in such selling; that the proceeds of sales as made, should be turned over to the appellants and that the entire lot of bonds remaining unsold should be returned to the appellants upon demand; that the bank had no authority as agent to guarantee the payment of said bonds as to principal or interest or otherwise; that no consideration was ever paid by the bank for said alleged guaranty; that there is an absolute

failure and lack of consideration therefor. The answer further denied, in paragraph IX, that the appellants received any consideration from the appellee for said bonds. Then the answer denied that the appellee is entitled to recover anything from appellants; denied that appellants are liable to appellee for the principal and interest on the bonds or for any costs, expenses, damages and attorney's fees; and denied that appellee is entitled to any judgment whatever in the premises.

The court sustained appellee's motion to strike said answer and did strike the same, whereupon appellants elected to stand on said answer. The case was thereafter heard by the court as a default matter and a judgment entered for the appellee.

The question raised on this appeal is as to the sufficiency of appellants answer as above set forth. Section 33, ¶ 1 of the Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 157; Jones Ill. Stats. Ann. 104.033, provides that, "All pleadings shall contain, a plain and concise statement of the pleaders cause of action, counterclaim, defense or reply." Paragraph 3. "Pleadings shall be liberally construed with a view to doing substantial justice between the parties."

Adopting the appellee's own statement of the separate causes of action set forth in his complaint he says that: First, the bonds enumerated in the guaranty were sold to the bank and payment thereof guaranteed by appellants, and subsequently sold to appellee by the bank to whom the guaranty, under its terms would inure. The appellants have answered this charge by not only denying all the material averments in the complaint covering such charge but further averring that the written instrument constituted an offer or proposal to sell the bonds to the bank and to guarantee them on the express condition that the offer would be accepted and that the Bank would purchase the bonds; that the offer was not accepted and that the

bank never purchased the bonds; that the bank has never been the owner of the bonds or any of them; that the bank refused and declined to accept the proposed guaranty and refused to purchase the bonds or any of them; that subsequently and thereafter an oral agreement was entered into, under which the bank undertook to sell the bonds as agent for the appellants at a certain price, with a commission to the bank for its services in such selling; that the proceeds of sales as made should be turned over to the appellants and that the entire lot of bonds remaining unsold should be returned to the appellants upon demand.

Appellee insists that such denials and averments were conclusions of the pleader, were surplusage, unresponsive and immaterial. While the criticism may be true as to some of the statements and averments in the answer, it appears to us that the direct denials of the material allegations of the complaint, the averments that the bank never purchased the bonds, refused and declined to enter into the proposed guaranty; that a different and subsequent oral agreement was entered into between the bank and appellants whereby the bank undertook to sell the said bonds as an agent under different terms or conditions, all raise an issue of fact on which the appellants were entitled to a trial by a court or jury.

The same situation exists as to appellee's second claimed cause of action which asserts that the bank was acting as agent of appellants for the sale of the bonds and sold them to appellee as bonds guaranteed as to payment by appellants with their knowledge and authority. In addition to the statements above set forth and relying on the subsequent oral agreement appellants say that the bank had no authority as agent to guarantee the payment of said bonds as to principal or interest or otherwise, had no right to use the written instrument as an inducement for appellee

to purchase any of said bonds and never used the same in that respect with the permission and knowledge of any or all of the appellants. These averments raise further issues of fact which entitled the appellants to a hearing.

The same reasoning can be used with reference to appellee's alleged third cause of action claiming an estoppel. Direct and specific denials appear in the answer. If appellee's motion had been directed to specific portions of the answer a different question would be presented.

The appellee contends that the case was not heard as a default matter and that therefore the evidence submitted by him at the hearing should be considered by this court on appeal. The record shows that on motion of appellee the court struck the answer of appellants from the files as insufficient on January 24, 1936, and that on July 31, 1936, the appellee submitted his testimony, and secured judgment for the sum of $2,990.26. There being no answer then on file in behalf of appellants the trial was necessarily *ex parte*.

The basis of this appeal, as we understand it, was from the order of the court entered on January 24, 1936, striking the answer of appellants from the files and entering a rule upon them to file an amended answer by January 31, 1936. The appellants elected to stand on their answer, tendered their interlocutory bill of exceptions, which was certified by the trial judge. Under these circumstances the testimony taken six months later cannot be considered on the question before us on this appeal. The trial judge did not have any such evidence before him when he passed upon the sufficiency of the answer and the question of whether the answer stated a defense is the only one considered on this appeal.

Believing as we do that the answer of appellants raised certain issues of fact material to the determination of this cause, which entitled them to a trial before the court, the judgment of the circuit court is reversed and remanded for further proceedings and a trial in accordance with the views herein expressed.

*Reversed and remanded.*